Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391
*Attorneys for Plaintiff Maverick Real Estate Partners LLC*

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAVERICK REAL ESTATE PARTNERS LLC<br>*Plaintiff*<br><br>v.<br><br>MAVERICK COMMERCIAL PROPERTIES, CORP. and MAVERICK CAPITAL PARTNERS LLC<br>*Defendants* | **COMPLAINT**<br><br>**CIVIL ACTION NO. 21-cv-755**<br><br>**JURY TRIAL REQUESTED** |

**COMPLAINT**

Plaintiff Maverick Real Estate Partners LLC organized and existing under the laws of New York (hereinafter, "Maverick Real Estate" or "Plaintiff"), by and through its undersigned counsel, hereby allege as follows:

**NATURE OF THE ACTION**

1.      This action involves claims for trademark infringement of Maverick Real Estate's federally registered trademark and/or service mark in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq.*; false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. § 1125(a)); and

a related common law claim ("Action").  Plaintiff seeks injunctive relief, an accounting, compensatory damages, enhanced discretionary damages, attorney's fees and costs, and such other relief as the Court deems proper.

## JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121, as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; pursuant to 28 U.S.C. § 1338(b) as an action arising out of claims for false designation of origin and unfair competition. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as the common law claim asserted hereunder is so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

3.     Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3) because, upon information and belief, Defendants, which are headquartered in the State of New York and in this judicial district, regularly conduct, transact, and/or solicit business in New York and in this judicial district, supply services to consumers in New York and in this judicial district, and/or derive substantial revenue from business transactions in New York and in this judicial district, and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' infringing actions caused injury to Plaintiff—which is headquartered in the State of New York and in this judicial district—in New York and in this judicial district, such that Defendants should reasonably expect its actions to have consequences in New York and in this judicial district.

4.      Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct business in this judicial district, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and harm to Plaintiff has occurred in this district.

## THE PARTIES

5.      Plaintiff Maverick Real Estate Partners LLC is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business at 100 Park Avenue, Suite 2805, New York, New York, 10017.

6.      Upon information and belief, Defendant Maverick Commercial Properties Corp. (hereinafter, "Maverick Commercial Properties") is a corporation organized and existing under the laws of the State of New York, with a place of business at 232 Madison Avenue, Suite 606, New York, New York, 10016.

7.      Upon information and belief, Defendant Maverick Capital Partners LLC (hereinafter "Maverick Capital Partners") is a Limited Liability Company organized and existing under the laws of the state of New York, with a place of business at 232 Madison Avenue, Suite 606, New York, New York, 10016.

8.      Upon information and belief, Defendant "Maverick Commercial Properties" and Defendant "Maverick Capital Partners are affiliates of one another and shall be collectively hereinafter referred to as "Defendants".

## GENERAL ALLEGATIONS

### Plaintiff and the Maverick Real Estate Marks

9.      Maverick Real Estate is a private equity fund manager that acquires distressed commercial mortgages secured by real estate in New York City, which was established on January

10, 2007 and has used the corporate and tradename Maverick Real Estate Partners LLC ("Maverick Real Estate Tradename") in connection with such services since its establishment.

10.    Since its inception in 2010, Maverick Real Estate has closed over 130 distressed debt transactions with an aggregate value of over $300 million dollars.

11.    Maverick Real Estate offers a number of real estate related services, including, but not limited to, managing a series of distressed debt funds secured by real estate under the name MAVERICK REAL ESTATE PARTNERS LLC ("Maverick Real Estate MARK") along with a family of related "Maverick" entities and funds, , such as, "Maverick Construction Services LLC", "Maverick Lien Funding LLC", "Maverick Lien Fund III LP", "Maverick Lien Fund IV LP", "Maverick Lien Fund V LP" and "Maverick Lien Fund V CO-Investors LP" and may form additional entities and funds whose names will commence with the word "Maverick" ("Maverick Real Estate Funds").  The Maverick Real Estate Tradename, Maverick Real Estate MARK and the Maverick Real Estate Funds are collectively hereinafter referred to as the "Maverick Real Estate IP".

12.    Plaintiff has protected its valuable rights in and to the Maverick Real Estate MARK by filing for, and obtaining, a federal trademark registration covering the Maverick Real Estate MARK, U.S. trademark Reg. No. 6,177,421 for "acquisition of mortgages, mechanics liens, and judgment liens that are secured by real estate; acquisition or origination of loans secured by real estate or secured by interests in companies that own real estate; acquisition of real estate or partial interests in real estate owning companies; acquisition of liens, claims, and judgments against companies or individuals that own real estate; management of real estate and real estate related financial instruments; brokerage of real estate and real estate related financial instruments; Real estate consulting of commercial, residential, and hotel property; and acquisition of CMBS or RMBS

securities" in Class 36 ("Maverick Real Estate Registration").  True and correct copies of the Maverick Real Estate Registration is attached hereto as **Exhibit A** and incorporated herein by reference.

13.     Through continuous and extensive use and promotion of the Maverick Real Estate IP in connection with Maverick Real Estate's real estate services has garnered significant goodwill and reputation in the real estate, investment and financial services industries.

**Defendant's Wrongful and Infringing Conduct and Instances of Consumer Confusion**

14.     Upon information and belief, Defendant Maverick Commercial Properties is a real estate private equity and debt financing boutique advisory firm also headquartered in New York.

15.     Upon information and belief, in or around the beginning of 2018, long after Maverick Real Estate began using the Maverick Real Estate IP, Maverick Commercial Properties formed Maverick Commercial Properties Corp. and began offering similar, if not identical, private equity, distressed loan acquisition and various other real estate services using the name "maverick" in the same geographical region as Plaintiff and began to operate the www.maverickcp.com website ("Defendant's Website").

16.     On or around December 28, 2018, Plaintiff Maverick Real Estate also put Maverick Commercial Properties on notice of the Maverick Real Estate MARK and the infringing and illegal nature of Defendant's actions by sending a cease-and-desist letter to Defendant (the "C&D").  A copy of the C&D is attached hereto as **Exhibit B** and incorporated herein by reference.

17.     Upon information and belief, Defendant Maverick Commercial Properties also provides debt and equity placement advisory services for commercial real estate transactions and/or acts as a broker in commercial real estate transactions under the name Maverick Capital Partners LLC.

18.     Despite having been placed on clear notice of its illegal and infringing conduct, Maverick Commercial Properties use of Maverick Capital Partners LLC, Maverick Commercial Properties Corp., and Defendant's Website (hereinafter, "Infringing Marks") for similar, if not identical, services as Plaintiff in the same geographic area has continued.

19.     Defendants' use of the Infringing Marks for similar, if not identical, services as Plaintiff in the same geographic area has already caused actual confusion on at least six (6) occasions.

20.     First, on or around December 27, 2018, The Real Deal: New York City Real Estate News, the premier, subscription based, real estate news outlet in the US, which reaches millions of professionals daily through digital, print, social media and events for breaking news, market intelligence, custom research, proprietary rankings, deal analysis, profiles and trends, published an article wherein it mistakenly misidentified Maverick Real Estate as a participant in a transaction involving Maverick Commercial Properties ("Real Deal Article").  A printout of the Real Deal Article is attached hereto as **Exhibit C**.

21.     Second, on or around February 2018, at the IMN Networking Conference, James Yetter, Managing Director of Maverick Real Estate introduced himself to Marty Reasoner and Kyle Brengel from ACRES Capital, who asked Mr. Yetter if he worked with Adi Chugh, a Managing Partner of Defendant Maverick Commercial Properties and Defendant Maverick Capital Partners.

22.     Third, at an event hosted by Stroock & Stroock & Lavan LLP, held on October 3, 2019, Jason Leibowitz, Managing Director and General Counsel for Maverick Real Estate informed Zachary Kadden, who serves as Vice President of Development with Madison Realty Capital that he left his former law firm and joined Maverick Real Estate, to which Mr. Kadden, in

response, sought to confirm that Mr. Leibowitz was now working with Adi Chugh, Managing Partner of Defendant Maverick Commercial Properties and Defendant Maverick Capital Partners.

23.    Fourth, in or around August 2020, Elizabeth Zevallos, a Portfolio Management Associate at Maverick Real Estate e-mailed a colleague, Susi Yu from MAG Partners, to tell her that Ms. Zevallos would be starting a position with Maverick Real Estate and Ms. Yu asked if she would be working with Mr. Chugh, a Managing Partner of Defendant Maverick Commercial Properties and Defendant Maverick Capital Partners.

24.    Fifth, in or around November 2020, Elizabeth Zevallos, a Vice President at Maverick Real Estate, was speaking to a prospective job candidate who said that when they originally searched for Maverick Real Estate they got confused with Defendant Maverick Capital Partners.

25.    Sixth, on or around December 15, 2020, an Executive Vice President at JLL sent David Aviram, a Principal at Maverick Real Estate, an e-mail congratulating Mr. Aviram on an article in the Wall Street Journal entitled, A-Rod Swings for the Fences With New Hotel Real Estate Fund, discussing baseball legend Alex Rodriguez's investment in buying or developing hotels during the pandemic, a deal which involves Defendant Maverick Commercial Properties.

26.    Neither Plaintiff nor any authorized agents of Plaintiff have consented to Defendants' use of the Maverick Real Estate IP, nor have they consented to Defendants' use of any identical or confusingly similar marks (i.e., the Infringing Marks).

27.    By Defendants' use of the Infringing Marks, as alleged herein, Defendants have violated Plaintiff's exclusive rights in its Maverick Real Estate IP, and have used Infringing Marks that are confusingly similar to, identical to, and constitute infringement of Plaintiff's Maverick Real Estate IP, to confuse consumers and aid in the promotion of Defendants' business(es), and

Defendants' Services. Defendants' conduct and use began long after Plaintiff's adoption and use of its Maverick Real Estate IP.

28.     Prior to and contemporaneous with their unlawful actions alleged herein, Defendants had knowledge of Plaintiff Maverick Real Estate's ownership of its Maverick Real Estate IP and the goodwill associated therewith, and in bad faith adopted the Infringing Marks.

29.     Defendants were placed on notice of their illegal actions, yet continue to engage in such illegal and infringing actions, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of the Maverick Real Estate IP.

30.     Defendants' actions have caused, and will continue to cause confusion, mistake, and deceive consumers, the public, and the trade with respect to the source or origin of Defendants' services, and cause consumers to erroneously believe that the same are licensed by, or otherwise associated with Plaintiff, thereby damaging Plaintiff.

31.     In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which have caused and will continue to cause irreparable harm to Plaintiff: infringed the Maverick Real Estate IP, and committed unfair competition.

32.     Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## FIRST CAUSE OF ACTION
**(Infringement of Registered Trademarks)**
**[15 U.S.C. § 1114/Lanham Act § 32(a)]**

33.     Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

34.     Plaintiff has continuously used the Maverick Real Estate MARK in interstate commerce since at least as early as the date set forth on the Maverick Real Estate Registration.

8

35.     Plaintiff, as the owner and exclusive licensee of all right, title, and interest in and to the Maverick Real Estate MARK has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

36.     Defendants were, at the time they engaged in their actions as alleged herein, actually aware that Plaintiff Maverick Real Estate is the owner of the Maverick Real Estate MARK and Maverick Real Estate Registration.

37.     Defendants did not seek, and thus inherently failed to obtain consent or authorization to use the Maverick Real Estate MARK from Maverick Real Estate as the registered trademark owner of the Maverick Real Estate MARK.

38.     Defendants knowingly and intentionally used the Maverick Real Estate MARK, or marks that are identical or confusingly similar thereto, on or in connection with Defendants' business(es) and Defendants' services.

39.     Defendants' egregious and intentional use of the Maverick Real Estate MARK, or marks that are identical or confusingly similar thereto (i.e., the Infringing Marks), in commerce on or in connection with Defendants' business(es) and Defendants' services has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of Defendants' business(es) and Defendants' services and is likely to deceive the public into believing that Defendants' business(es) and Defendants' services are associated with or authorized by Plaintiff.

40.     Defendants' actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the Maverick Real Estate MARK, as well as with bad faith and the intent to cause confusion, mistake, and deception.

41.     Defendants' continued, knowing, and intentional use of the Infringing Marks

9

without Plaintiff's consent or authorization constitutes intentional infringement of Plaintiff's federally registered Maverick Real Estate MARK in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

42.     As a direct and proximate result of Defendants' illegal and infringing actions as alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business(es) and valuable rights in and to the Maverick Real Estate MARK and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which they have no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to Plaintiff and its Maverick Real Estate MARK.

43.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendant's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION
**(Federal Unfair Competition & False Designation of Origin)**
**[15 U.S.C. §§ 1125(a)(1)(A)/Lanham Act § 43(a)]**

44.     Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

45.     Plaintiff, as the owner and exclusive licensee of all common law right, title, and interest in and to the Maverick Real Estate IP, has standing to maintain an action for unfair competition and false designation of origin under the Lanham Act § 43(a), 15 U.S.C. § 1125.

46.     Defendants knowingly and willfully used in commerce Infringing Marks that are

identical or confusingly similar to Plaintiff's Maverick Real Estate IP, and/or affixed, applied and/or used other words, names, symbols or designs in connection with the promotion of Defendants' business(es) and Defendants' services with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' business(es), and Defendants' services are authorized, sponsored, approved endorsed or licensed by Plaintiff, and/or that Defendants are affiliated, connected or associated with Plaintiff, thereby creating a likelihood of confusion by consumers as to the source of Defendants' business(es) and Defendants' services, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, Plaintiff's Maverick Real Estate IP, to Defendants' substantial profit in blatant disregard of Plaintiff's rights.

47. By using Infringing Marks that are identical, or confusingly similar, to Plaintiff's Maverick Real Estate IP, Defendants have traded off the extensive goodwill of Plaintiff and their Maverick Real Estate IP to induce customers to use Defendants' services and will continue to induce such customers to do the same. Such conduct has permitted, and will continue to permit, Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which they have amassed through their marketing, advertising and consumer recognition.

48. Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of Infringing Marks that are identical or confusingly similar to Plaintiff's Maverick Real Estate IP would cause confusion, mistake, or deception among purchasers, users and the public.

49. Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of Plaintiff and its

Maverick Real Estate IP.

50.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of the value of their Maverick Real Estate IP as commercial assets, for which they have no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of Plaintiff's Maverick Real Estate IP in an amount as yet unknown, but to be determined at trial.

51.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief, as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
**(Unfair Competition)**
**[New York Common Law]**

52.     Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

53.     By using the Infringing Marks on or in connection with Defendants' business(es), and Defendants' services and/or the advertisement, marketing, promotion, and/or offering for sale of Defendants' business(es) and Defendants' services, Defendants have traded off the extensive goodwill of Plaintiff and its Maverick Real Estate IP to induce, and did induce and intends and will continue to induce, customers to use Defendants' services, thereby directly competing with Plaintiff.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed

through their marketing, advertising and consumer recognition.

54.     Defendants' use of the Infringing Marks was and is in violation and derogation of Plaintiff's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship or quality of Defendants' business(es) and Defendants' services.

55.     Defendants knew, or by the exercise of reasonable care should have known, that its use of the Infringing Marks on or in connection with Defendants' business(es) and Defendants' services would cause confusion and mistake, or deceive purchasers, users and the public.

56.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of Plaintiff's rights, and for the wrongful purpose of injuring Plaintiff and its competitive position while benefiting Defendants.

57.     As a direct and proximate result of Defendants' aforementioned wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its services in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law, and Plaintiff has been and will continue to be deprived of the value of their Maverick Real Estate IP as commercial assets in an amount as yet unknown but to be determined at trial, for which Plaintiff has no adequate remedy at law.

58.     As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from its infringing activities and exemplary or punitive damages for Defendants' intentional misconduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request the following relief:

A.      An award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for Defendants' willful trademark infringement of Plaintiff's federally registered Maverick Real Estate MARK, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

B.      An award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a), and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

C.      An award of damages to be proven at trial for common law unfair competition;

D.      A preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or each of their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

      i.      directly or indirectly infringing in any manner any of Plaintiff's trademarks or other rights (whether now in existence or hereafter created) including, without limitation, Plaintiff's Maverick Real Estate Marks;

      ii.      using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks or other rights (whether now in existence or hereafter created) including, without limitation, Plaintiff's Maverick Real Estate IP to identify any goods or services not authorized by

Plaintiff;

iii.   using any of Plaintiff's trademarks or other rights (whether now in existence or hereafter created) including, without limitation, Plaintiff's Maverick Real Estate IP, or any marks confusingly similar thereto, including the Infringing Marks, on or in connection with Defendants' business(es) or Defendants' services;

iv.   using any false designation of origin or false description or engaging in any action that is likely to cause confusion, cause mistake, and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any services offered or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship, or approval of any service offered or sold by Defendants and Defendants' commercial activities by Plaintiff;

v.   engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein;

vi.   engaging in any other actions that constitute unfair competition with Plaintiff;

vii.   engaging in any other act in derogation of Plaintiff's rights;

viii.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

ix.   instructing, assisting, aiding or abetting any other person or entity in

engaging in or performing any of the activities referred to in subparagraphs (i) through (viii) above; and

E.      An award of exemplary or punitive damages in an amount to be determined by the Court;

F.      Plaintiff's reasonable attorneys' fees;

G.      All costs of suit; and

H.      Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated:  January 27, 2021                    **EPSTEIN DRANGEL LLP**

                                By:    /s/ Ashly E. Sands
                                        Ashly E. Sands (AS 7715)
                                        asands@ipcounselors.com
                                        Jason M. Drangel (JD 7204)
                                        jdrangel@ipcounselors.com
                                        Brieanne Scully (BS 3711)
                                        bscully@ipcounselors.com
                                        60 East 42nd Street, Suite 2520
                                        New York, NY 10165
                                        Tel: 212-292-5390
                                        Fax: 212-292-5391
                                        *Attorneys for Plaintiff Maverick Real Estate Partners LLC*